# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | 1:11-cr-354-(42)-LJO |
|---|---|
| Plaintiff, | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) |
| v. | |
| CESAR NOE VILLA, | |
| Defendant. | (ECF No. 754) |

## I. INTRODUCTION

Before the Court is Defendant Cesar Noe Villa's ("Defendant" or "Villa") *pro se* motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) ("§ 3582"), ECF No. 754, in accordance with United States Sentencing Guidelines ("USSG") § 1B1.10(b)(1) and Amendment 782 to the USSG. Amendment 782 revised the Drug Quantity Table in USSG § 2D1.1 and reduced by two levels the offense level applicable to many drug trafficking offenses. *See* USSG, sup. App'x C, amend. 782 (2014) ("Amendment 782"). Upon a thorough review of Defendant's motion, the record in the case, including the Probation Office's Presentence Report ("PSR"), and the relevant law, the Court DENIES Defendant's motion.

## II. BACKGROUND

On August 6, 2013, the parties filed a plea agreement with the Court in which Defendant pleaded guilty to one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and agreed that the substance involved contained between 150 and 500 grams of actual

1

methamphetamine. ECF No. 266 at 2, 5; *see also id.* at 9 (admitting to having been "in possession of 1 pound of methamphetamine"). In the plea agreement, Defendant also pleaded guilty to one count of being a prisoner in possession of a weapon, in violation of U.S.C. § 1791(a)(2).[1] The plea agreement was pursuant to Federal Rule of Criminal Procedure ("Rule") 11(c)(1)(C)[2] and provided that the Government would recommend a total sentence of 14 years' imprisonment (168 months) for both counts. *Id.* at 5, 8.

According to the PSR, Defendant's base offense level was 34 (based on the 450.8 grams of methamphetamine[3] involved in the offense to which he pleaded guilty), and his criminal history category was IV (based on eight criminal history points). ECF No. 381-1 (PSR) at 17, 21. The PSR recommended a two-level enhancement in the offense level for Defendant's role as an organizer in the scheme and a second two-level enhancement in the offense level for being in possession of a weapon during commission of the crime. *Id.* It further recommended a three-level reduction for acceptance of responsibility. *Id.* at 19. The PSR, which cited the 2012 Guidelines manual, found that the Guidelines range for a defendant with an offense level of 35 and a criminal history category IV was 235 to 293 months' imprisonment, and the PSR recommended a 235-month sentence. *Id.* at 30. On August 8, 2013, the Court conducted a change of plea hearing, and on January 13, 2014, the Court accepted the parties' plea agreement pursuant to Rule 11(c)(1)(C) and sentenced Defendant to a term of 168 months' imprisonment, a 36-month term of supervised release, and a $100 penalty assessment. ECF Nos. 299, 436, 467.

On March 6, 2018, Defendant filed a motion for a reduction in sentence pursuant to § 3582,

---

[1] The plea agreement addressed the charges against Defendant in both this case and in case number 1:11-cr-00248.
[2] That Rule provides that a plea agreement may specify that an attorney for the government will "agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement)." Fed. R. Crim. P. 11(c)(1)(C). If the Court rejects a Rule 11(c)(1)(C) plea agreement, the defendant is given an opportunity to withdraw the plea. Fed. R. Crim. P. 11(c)(5)(B).
[3] The one pound of methamphetamine was in two plastic bags, one containing 225.3 grams of methamphetamine and the other containing 225.5 grams of methamphetamine.

requesting that the Court reduce his offense level by two points in accordance with Amendment 782 and reduce his sentence according to the new Guidelines range. ECF No. 754. The Court referred the case to the Federal Defender's Office, which filed a notice of non-supplementation and withdrew as counsel in the matter. ECF No. 756. No response from the Government is necessary.

### III. **LEGAL STANDARD**

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting § 3582(c)). However, a federal sentencing court is authorized to modify an imposed sentence when the relevant sentencing range was lowered subsequent to a defendant's original sentence. § 3582(c)(2); *see United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013) (a district court may modify an imposed sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." (quoting § 3582(c)(2))). Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types. *See* Amendment 782. The Commission also voted to make the Amendment retroactively applicable to previously sentenced defendants. *See* USSG, sup. App'x C, amend. 788 (2014); *United States v. Navarro*, 800 F.3d 1104, 1107 (9th Cir. 2015).

Determining whether a sentence reduction is appropriate under § 3582(c)(2) "requires a two-step inquiry." *Dunn*, 728 F.3d at 1155. At step one, "a district court must determine whether a prisoner is eligible for a sentence modification under the Commission's policy statement in USSG § 1B1.10." *Id.* That policy statement enumerates a list of amendments that have lowered the sentencing ranges for certain offenses. *See* USSG § 1B1.10(d). In the event that one of the enumerated amendments has lowered a guideline range applicable to a defendant, the district court "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) . . . had been in effect at the time the defendant was sentenced." USSG § 1B1.10(b)(1).

If the answer to step one is that the defendant is eligible for a reduced sentence, the district court

turns to step two of the inquiry, where the court "must consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dunn*, 728 F.3d at 1155 (internal quotation marks and citation omitted). The § 3553(a) factors include: "the nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims." *Id.* at 1158 (internal quotation marks and citation omitted).

In *United States v. Austin*, the Ninth Circuit had held that a defendant sentenced under plea agreement was eligible for a sentencing reduction under § 3582 only when the agreement *expressly used* a Guidelines sentencing range to establish the term of imprisonment or when it was evident from the agreement itself that a Guidelines sentencing range was used. 676 F.3d 924, 930 (9th Cir. 2012) (holding that where a Rule 11(c)(1)(C) agreement did not rely on a Guidelines sentencing range, the sentence was based on the 11(c)(1)(C) plea agreement itself and not on a Guidelines range, leaving a district court without jurisdiction to modify a sentence under § 3582). In *United States v. Davis*, the Ninth Circuit overruled *United States v. Austin* and held that "[e]ven when a defendant enters into an 11(c)(1)(C) agreement, the judge's decision to accept the plea and impose the recommended sentences is likely to be based on the Guidelines; and when it is, the defendant should be eligible to seek § 3582(c)(2) relief." 825 F.3d 1014, 1026 (9th Cir. 2016) (en banc) (quoting *Freeman v. United States*, 564 U.S. 522, 534 (2011) (plurality opinion)). The Ninth Circuit emphasized in *Davis* that the opinion merely eliminated the jurisdictional barrier to eligibility erected in *Austin* and did not mandate that an eligible defendant who had entered into an 11(c)(1)(C) agreement be awarded relief pursuant to a § 3582 motion: "On remand, '[i]f the district court, based on its experience and informed judgment, concludes the [Rule 11(c)(1)(C) ] agreement led to a more lenient sentence than would otherwise have been

imposed, it can deny the motion, for the statute permits but does not require the court to reduce a sentence.'" *Id*. at 1028 n.14 (quoting *Freeman*, 564 U.S. at 532).

## IV. **DISCUSSION**

Defendant's offense involved 450.8 grams of methamphetamine, *see* PSR at 17, and under the amended Guidelines, the base offense level applicable to him is 32, two levels lower than the original offense level. USSG § 2D1.1(c)(3). With the two two-level enhancements and three-level reduction for acceptance of responsibility, the adjusted offense level is 33. At Defendant's criminal history category of IV, the applicable Guidelines range is 188 to 235 months. USSG, Chapter 5, Part A. Defendant's current term of imprisonment is 168 months—which is the below lowest possible sentence of the applicable amended Guidelines range. The Guidelines provide that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." USSG § 1B1.10(b)(2)(A). The Guidelines have a limited exception to this rule allowing a below-Guidelines reduction where the original below-Guidelines sentence was "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." *Id*. § 1B1.10(b)(2)(B).

Based on the foregoing, the Court finds that Defendant is not eligible for a sentence reduction under § 3582(c) because the Court previously imposed a sentence that is less than the amended Guidelines range, and that sentence was not determined based on a Government motion of substantial assistance. *See* USSG § 1B1.10(b)(2)(A), (B). Because Defendant's current 168-month term of imprisonment is less than the bottom of the amended Guidelines range, the Court lacks authority to reduce Defendant's sentence. *United States v. Davis*, 739 F.3d 1222, 1224 (9th Cir. 2014) ("The current version [of the Guidelines] . . . prohibits a court from reducing a defendant's sentence to a term that is less than the minimum of the amended Guidelines range, except in the case of a defendant who originally received a below-guidelines sentence based on substantial assistance to the government."). Accordingly, Defendant is not eligible for a sentence reduction, and the Court may not proceed to the

second half of the two-part inquiry set forth in *Dillon*. *See Dunn*, 728 F.3d at 1155.

## V. CONCLUSION AND ORDER

Defendant's motion pursuant to § 3582 is **DENIED**.

IT IS SO ORDERED.

Dated: **September 24, 2018**      /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE